**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YOEL DAVID PENA GONZALEZ,

Petitioner,

v. No. 1:26-cv-03184 MLG-LF

WARDEN, Torrance County Detention Center; et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING PETITIONER'S IMMEDIATE RELEASE**

This matter is before the Court on Petitioner Yoel David Pena Gonzalez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Doc. 3. The Court, having considered the Petition, having held a hearing on October 23, 2026, and being otherwise fully informed, finds that it is well-taken and should be granted.

For the reasons stated on the record during the October 23, 2026, hearing, and incorporating the holdings and reasoning provided in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), *Diallo v. Orozco*, No. 2:26-cv-00066-MLG-JHR, 2026 WL 608476 (D.N.M. Mar. 4, 2026), and *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287 (D.N.M. 2025), the Court grants the Petition and orders immediate release.[1]

Pena Gonzalez must be released within forty-eight hours of the entry of this Order. His conditions of release shall be the same as the conditions he was subject to prior to his present

[1] In habeas corpus proceedings, "a federal court 'possesses power to grant any form of relief necessary to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (emphasis omitted) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release.").

detention. Gonzalez shall be released with all of his property, including identification documentation, that was in his possession when he was detained by Respondents, along with a copy of this Order.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA